# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **ZACHARY BILLINGS,** ] | |
| ] | |
| **Petitioner,** ] | |
| ] | |
| v. ] | **5:09-CV-1236-VEH-RRA** |
| ] | |
| **WARDEN LOUIS BOYD, et al.,** ] | |
| ] | |
| **Respondents.** ] | |

## MEMORANDUM OPINION

This is a habeas corpus petition. The magistrate judge entered a report and recommendation recommending that the action be dismissed as barred by the statute of limitations.  Objections have been filed.

In his objections, Billings argues for the first time that the statute of limitations should not apply to him.  Specifically, Billings maintains that it would be a "great injustice" if his case were dismissed, "considering the withheld evidence in this case" that would have proven his innocence.  He adds that he is not "proficient in the law." Finally, he argues that there should be no statute of limitations on habeas petitions challenging rape convictions since there is no statute of limitations for rape.

The Eleventh Circuit Court of Appeals has held that the statute of limitations enacted by the AEDPA was intended to be an ordinary statute of limitations and not

a jurisdictional bar. *Helton v. Secretary for Dept. of Corrections*, 233 F.3d 1322, 1324 (11th Cir. 2000).

> It is by now clear in this Circuit that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." *Helton*, 259 F.3d at 1312. Although "[e]quitable tolling is an extraordinary remedy which is typically applied sparingly," *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (*citing Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 457-58, 112 L. Ed. 2d 435 (1990)), it is "appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (emphasis added). The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner. *See, e.g., Helton*, 259 F.3d at 1313-14 (denying equitable tolling in light of petitioner's failure to present necessary evidence); *see also Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993) ("The burden is on the plaintiff to show that equitable tolling is warranted.").
>
> In order to be entitled to the benefit of equitable tolling, a petitioner must act with diligence, and the untimeliness of the filing must be the result of circumstances beyond his control.

*Drew v. Department of Corrections*, 297 F.3d 1278, 1286-87 (11th Cir. 2002).

Because of this difficult burden, the Eleventh Circuit Court of Appeals has rejected most claims for equitable tolling. *See, e.g.*, *Dodd v. United States*, 365 F.3d 1273 (11th Cir. 2004) (limitations period not equitably tolled during period when prisoner was transferred to another facility and did not have access to his papers)*; Diaz v. Secretary for Dept. of Corrections*, 362 F.3d 698 (11th Cir. 2004) (holding that

2

lapse of 532 days, 258 days before filing first federal petition and 274 days before filing second federal petition, constitutes lack of due diligence); *Johnson v. United States*, 340 F.3d 1219 (11th Cir. 2003) (holding that petitioner's inaction during the year after his conviction was affirmed on direct appeal did not justify equitable tolling); *Helton*, 259 F.3d at 1312 (rejecting petitioner's reliance upon counsel's mistaken calculation of limitations period because petitioner did not show due diligence in ascertaining the correct period); *Steed v. Head*, 219 F.3d 1298 (11th Cir. 2000) (holding that attorney's miscalculation of the limitations period or mistake could not be the basis for equitable tolling); *Akins v. United States*, 204 F.3d 1086 (11th Cir. 2000) (limitations period not equitably tolled based on prison lockdowns and misplacement of legal papers); *Sandvik v. United States*, 177 F.3d 1269 (11th Cir. 1999) (holding that attorney negligence will not warrant equitable tolling). *See also Salazar-Carvajal v. United States*, No. 8:06-CV-539-T-30-MAP, 2006 WL 1063688 (M.D. Fla. April 21, 2006)(petitioner's inability to speak or read English or fact that petitioner is unlearned in the law or unfamiliar with the one-year limitations period are not "extraordinary circumstances" that would justify equitable tolling of the limitations period).

Billings's only argument in support of equitable tolling is that he is not proficient in the law. However, "ignorance of the law generally does not warrant the

application of equitable tolling." *Emanuel v. Secretary, Florida Dept. of Corrections*, No. 8:09-CV-1907-T-30-TGW, 2010 WL 571939 (M.D. Fla. Feb. 16, 2010), *citing Howell v. Crosby*, 415 F.3d 1250, 1252 (11th Cir. 2005). Billings has offered nothing to indicate that the delay in filing his petition was caused by extraordinary circumstances that were both beyond his control and unavoidable with diligence. Therefore, he is not entitled to equitable tolling.

Billings further argues that the limitations period should not apply to a challenge to his rape conviction since there is no statute of limitations for rape. This argument is frivolous. Title 28 U.S.C. § 2244(d)(1) provided that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The statute makes no exception for petitioner challenging convictions for crimes for which there is no statute of limitations.

Finally, Billings claims that it would be a "great injustice" if his case is dismissed. The Supreme Court has never addressed whether a "fundamental miscarriage of justice" argument is available to overcome the procedural bar of the one-year statute of limitations established by the AEDPA. However, the Eleventh Circuit Court of Appeals has held that "the factual issue of whether the petitioner can make a showing of actual innocence should be first addressed, before addressing the

constitutional issue of whether the Suspension Clause requires such an exception for actual innocence." *Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1218 (11th Cir. 2000).

In *Schlup v. Delo*, 513 U.S. 298 (1995), the Supreme Court elaborated on the fundamental miscarriage of justice exception and the necessity of showing innocence. To meet this exception, the petitioner "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327. The standard focuses on the *actual* innocence of the petitioner. As the Supreme Court explained:

> Instead, the emphasis on "actual innocence" allows the reviewing tribunal also to consider the probative force of relevant evidence that was either excluded or unavailable at trial. Indeed, with respect to this aspect of the *Carrier* standard, we believe that Judge Friendly's description of the inquiry is appropriate: the habeas court must make its determination concerning the petitioner's innocence "in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongfully excluded or to have become available only after trial."

*Id.* at 327. (*Quoting* Friendly, *Is Innocence Irrelevant? Collateral Attack on Judgment*, 38 U.Chi.L.Rev. 142, 160 (1970)). To be credible, a claim of actual innocence must be based on reliable evidence not presented at trial. *Fortenberry v. Haley*, 297 F.3d 1213, 1222 (11th Cir. 2002).

Although Billings alludes to evidence that was not introduced at trial that would have proven his innocence, he has not identified any new "reliable evidence not presented at trial" that makes it "more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Thus, he has failed to meet the requirements of the *Schlup* test.

Billings has failed to establish that extraordinary circumstances beyond his control prevented him from filing a timely petition in this court. Likewise, he has not shown that he acted with diligence, particularly in light of the fact that he waited almost two years after his conviction was final before he filed his Rule 32 petition in state court. Therefore, he is not entitled to equitable tolling. Furthermore, he has failed to establish that he is actually innocent.

The limitations period expired on June 8, 2007. Billings did not file his petition in this court until June 19, 2009. Therefore, this petition is untimely and is due to be dismissed because it is barred by the statute of limitations

The court has considered the entire file in this action, including the report and recommendation and the petitioner's objections to the report and recommendation, and has reached an independent conclusion that the report and recommendation is due to be adopted and approved.

Accordingly, the court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court. This habeas petition is due to be dismissed. An appropriate order will be entered.

**DONE** this the 2nd day of June, 2010.

**VIRGINIA EMERSON HOPKINS**
United States District Judge